LLOPIS v. P. PASTENE & CO., Inc.

(Supreme Court, Appellate Term, First Department.    June 26, 1916.)

EVIDENCE ⬅334(3)—DOCUMENTARY—NATURE AND SOURCE.

A government weigher's certificate, stating the quantity, etc., of certain beans, not identified with those involved in the suit, and whose accuracy was not proved, nor its contents brought home to defendant, is incompetent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1270; Dec. Dig. ⬅334(3).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Jose Llopis, doing business under the firm name of the West Indies Grocery Company, against P. Pastene & Co., Inc. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Hirson & Bertini, of New York City (Max M. Hirson and Amedeo A. Bertini, both of New York City, of counsel), for appellant.

Pace & Stimpson, of New York City (Harmon Ackerman and Francis P. Pace, both of New York City, of counsel), for respondent.

GUY, J. The action is brought to recover the alleged agreed price of certain beans alleged to have been sold by plaintiff to defendant. The answer is a general denial.

Plaintiff proved the delivery of a number of bags of beans to defendant immediately following their arrival from Europe in September, 1915, and testified to an agreement on the part of the defendant to purchase the same at a fixed price per pound. Defendant, on the other hand, testified that the beans were delivered to defendant on consignment, to be paid for at a certain price if sold, and if not sold to be returned to the plaintiff.

Upon the trial, over the objection and exception of defendant, plaintiff was permitted to introduce in evidence a certificate, stated, without any sufficient proof thereof, to be a government weigher's certificate, setting forth the quantity, weight, and other details as to certain beans, which were not identified by any evidence as being the beans actually delivered by plaintiff to defendant. Neither was the signer of said certificate called as a witness to testify as to the accuracy of the facts set forth in the certificate; nor was knowledge of the certificate and its contents brought home to the defendant. No proper foundation having been laid therefor, the admission of said certificate was prejudicial error, there being no other proof as to the quantity of goods delivered by plaintiff to defendant.

The judgment must therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.